**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 97-1150**

———————

PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSUR-
ANCE COMPANY,

                                    Plaintiff - Appellee,

        versus


TRIANGLE PAVING, INCORPORATED,

                                    Defendant - Appellant,

        and


EMJ CORPORATION; UNITED STATES FIDELITY &
GUARANTY COMPANY,

                                    Defendants.


CAROLINAS AGC, INCORPORATED; INSURANCE
ENVIRONMENTAL LITIGATION ASSOCIATION,

                                    Amicus Curiae.

———————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  W. Earl Britt, District
Judge.  (CA-95-892-5-3-BR)

———————

Argued:  July 10, 1997              Decided:  July 29, 1997

———————

Before WILKINSON, Chief Judge, HAMILTON, Circuit Judge, and NORTON, United States District Judge for the District of South Carolina, sitting by designation.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Jay McCullam Wilkerson, BUGG & WOLF, Durham, North Carolina, for Appellant. Walter Edgar Brock, Jr., YOUNG, MOORE & HENDERSON, P.A., Raleigh, North Carolina, for Appellee. **ON BRIEF:** John B. Taylor, JOHNSON, TAYLOR, ALLISON & HORD, Charlotte, North Carolina, for Amicus Curiae Carolinas AGC. Laura A. Foggan, Daniel E. Troy, Alex M. Azar, II, WILEY, REIN & FIELDING, Washington, D.C., for Amicus Curiae Insurance Association.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Pennsylvania National Mutual Casualty Insurance Company (Penn National) brought this declaratory judgment action against Triangle Paving, Inc. (Triangle), seeking a declaration that it was not obligated to provide insurance coverage under two insurance policies it had issued to Triangle for damages associated with job-site runoff (sedimentation) from a construction site. The district court granted summary judgment in favor of Penn National, concluding that the job-site runoff was a "pollutant" as that term was defined in the policies and, therefore, fell within the policies' "total pollution" exclusions. Triangle now appeals that decision. Our review of the record, the district court's opinion, and the arguments of counsel have revealed that this appeal is without merit. Accordingly, we affirm the judgment of the district court for the reasons stated by that court in its opinion. See Pennsylvania National Mutual Casualty Insurance Company v. Triangle Paving, Inc., No. 5:95-CV-892-5-3-BR (E.D.N.C. December 30, 1996).

AFFIRMED